IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| VAUGHN WAYNE RILES, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.   7:14-CV-77 |
| | : | |
| v. | : | |
| | : | |
| HARTFORD LIFE AND ACCIDENT | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

# COMPLAINT

COMES NOW, Plaintiff in the above-styled action, VAUGHN WAYNE RILES, (hereinafter "Plaintiff"), and, pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1001 et seq., shows this Court the following:

1.

Plaintiff is an individual residing at 218 Powell Drive, Thomasville, Thomas County, Georgia  31757.

2.

Plaintiff is a plan participant as defined by ERISA, and brings this action pursuant to 29 U.S.C. §1132(a)(1)(B) to recover benefits due to him under the terms of his plan.

3.

Defendant, Hartford Life and Accident Insurance Company (hereinafter "Defendant"), is a corporation organized and existing pursuant to the laws of the State of Connecticut.  Defendant at all times relevant to this Complaint maintains offices and conducts business in the State of Georgia.  Service of process may be perfected upon Defendant's registered agent, C. T.

Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

4.

Jurisdiction is proper in this Court pursuant to 29 U.S.C. §1132(e)(1).

5.

Venue is proper pursuant to 29 U.S.C. §1132(e)(2).

6.

Plaintiff was employed as an Assembler with Aqua-Chem, Inc. which provided a Long-Term Disability (LTD) Insurance Plan administered by Defendant and insured under Defendant's Policy No.: 83091595 (hereinafter "the Plan").  At all relevant times hereto, Aqua-Chem, Inc. was an employer engaged in commerce; thus, the Plan is governed ERISA pursuant to 29 U.S.C. §1003(a).

7.

At all times during the course of his employment with Aqua-Chem, Inc., Plaintiff was a participant in the Plan and is, therefore, entitled to benefits from the same.

8.

Plaintiff's disability commenced on or about May 25, 2000, and he filed a timely claim with Defendant.  Pursuant to the terms of the Plan, he was ineligible to receive benefits until the expiration of his "elimination period."  The elimination period was 180 days.

9.

Plaintiff provided Defendant with medical documentation that showed he was "disabled" during his elimination period due to intervertebral disc disorders with chronic pain in his cervical and lumbar spine, diabetes, and hypertension.

10.

Defendant approved Plaintiff's claim and paid Plaintiff long term disability (LTD) benefits for over ten (10) years from November 22, 2000 through December 12, 2012.  At that time, Defendant suddenly terminated Plaintiff's LTD benefits based on its contention that Plaintiff's medical evidence no longer supported a finding of "disability."  This was despite the fact that Plaintiff continued to receive Social Security Disability benefits.

11.

Plaintiff timely appealed Defendant's decision to terminate his LTD benefits.  Plaintiff provided further documentation that showed he remained "disabled" under the terms of the Plan.

12.

Despite Plaintiff's submissions, Defendant affirmed its termination of Plaintiff's LTD benefits.   Defendant also indicated that the decision was final and that Plaintiff had exhausted all of his administrative remedies.

13.

Defendant's termination of Plaintiff's LTD benefits was "arbitrary and capricious" and the result of its disregard of substantial medical and vocational documentation showing that Plaintiff is "disabled" under the terms of the Plan.

WHEREFORE, Plaintiff prays that this Court:

(a) Order Defendant to pay Plaintiff the amount of his full disability benefits accrued and unpaid to date;

(b) Order Defendant to reinstate Plaintiff as a beneficiary and to pay him the monthly disability benefit to which he is entitled from this point forward through the duration of the Plan;

(c) Award Plaintiff reasonable attorneys' fees, and cast all costs of this action against Defendant;

(d) Order Defendant to pay Plaintiff interest on all monies due and owed;

(e) Deny Defendant any applicable offsets as equitable relief.

(f) Provide Plaintiff such other and further relief that this Court may deem appropriate under the circumstances.

RESPECTFULLY SUBMITTED, this 21st day of May, 2014.

        WESTMORELAND, PATTERSON, MOSELEY
          & HINSON, LLP
        Attorneys for Plaintiff


        s/Bradley G. Pyles_____
        Georgia Bar No.: 590545

577 Mulberry Street, Suite 600
Post Office Box 1797
Macon, Georgia 31202-1797
(478) 745-1651